UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MOHAMMAD SHAH RUKH KHAN,

    Plaintiff,

v.
                                    Case No: 6:24-cv-1597-WWB-UAM

UNITED STATES OF AMERICA and
CERTAIN PAST AND PRESENT
SPECIAL AGENTS OF THE
FEDERAL BUREAU OF
INVESTIGATION,

    Defendants.

## ORDER

This cause, upon referral, comes before the Court on the Motion for Leave to Amend Complaint ("Motion to Amend") (Doc. 30) and the Request for Evidentiary Hearing on the Motion for Leave to Amend Complaint ("Motion for Hearing") (Doc. 31) filed by *pro se* Plaintiff Mohammad Shah Rukh Khan ("Plaintiff"), and the Motion to Dismiss (Doc. 19) filed by Defendants United States of America (the "Government") and Certain Past and Present Special Agents of the Federal Bureau of Investigation ("FBI"), in their official capacities (collectively, the "Defendants"). Upon consideration, Plaintiff's Motion to Amend is due to be granted in part and denied in part, and the Court will allow Plaintiff to file an amended complaint. Therefore, Plaintiff's Motion for Hearing and Defendants' Motion to Dismiss will be denied as moot.

I.    BACKGROUND

On September 3, 2024, Plaintiff initiated this action against Defendants by filing a 244-page complaint comprised of rambling and incoherent allegations. (Doc. 1). On December 2, 2024, Defendants moved to dismiss Plaintiff's complaint with prejudice as a shotgun pleading and failure to state a claim upon which relief can be granted. (Doc. 19). Plaintiff opposes the Motion to Dismiss. (Doc. 32).

In the meantime, the parties filed their Case Management Report, in which they agreed to, among other things, a deadline of March 31, 2025 for amending the pleadings. (Doc. 22). On January 2, 2025, the Court issued its Case Management and Scheduling Order ("CMSO"), adopting the March 31, 2025 deadline to amend pleadings. (Doc. 27).

Shortly thereafter, on January 16, 2025, Plaintiff filed the Motion to Amend (Doc. 30) and the Motion for Hearing[1] (Doc. 31). Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff seeks leave of Court to file his first amended complaint, which is attached to the Motion to Amend (Doc. 30-1), to cure the alleged deficiencies identified by Defendants in its Motion to Dismiss. Plaintiff argues that there is no undue prejudice to Defendants, undue delay, bad faith, dilatory motive, or futility to justify denial of the Motion to Amend. Plaintiff points out that he has not yet been given an opportunity to amend the complaint to cure the deficiencies from his initial complaint. Although Plaintiff recites that Defendants oppose the Motion to Amend (Doc. 30 at p. 3), Defendants did not file a response in opposition.[2]

---

[1] Plaintiff's Motion for Hearing merely requests a hearing on his Motion to Amend. (*See* Doc. 31).

[2] Because Defendants have not filed a response in opposition to Plaintiff's Motion to Amend, the Court treats Plaintiff's Motion to Amend as unopposed. *See* M.D. Fla. Local R. 3.01(c).

Because the disposition of Plaintiff's Motion to Amend resolves the other pending motions in this case, the Court will only discuss the Motion to Amend in this Order and address whether Plaintiff has complied with Federal Rule of Civil Procedure 15(a)(2) and is permitted leave to file an amended complaint.

## II.   LEGAL STANDARDS

Under Rule 15(a), a party may amend its pleading once as a matter of course within 21 days of service of the pleading, or if a response was filed, within 21 days after service of a responsive pleading. *See* Fed. R. Civ. P. 15(a)(1). Otherwise, a party may only amend the pleading with the opposing party's written consent or leave from the Court. *See* Fed. R. Civ. P. 15(a)(2). Pursuant to Rule 15(a)(2), "[t]he Court should freely give leave when justice so requires." *See id.*; *Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating that "this mandate is to be heeded").

Courts have broad discretion to grant or deny leave to amend. *See Foman*, 371 U.S. at 182. When denying a request for leave to amend, the Court must find a justifiable reason for doing so. *See id*. The Court may deny a motion for leave to amend on numerous grounds, including if "(1) there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) allowing [the] amendment would cause undue prejudice to the opposing party; or (3) amendment would be futile." *See Alhallaq v. Radha Soami Trading, LLC*, 484 F. App'x 293, 298 (11th Cir. 2012) (citing *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999)).

However, absent a showing of "undue delay, bad faith, dilatory motive, or undue prejudice, leave to amend is routinely granted." *See Forbus v. Sears Roebuck & Co.*, 30 F.3d 1402, 1405 (11th Cir. 1994) (citing *Foman*, 371 U.S. at 178); *Thomas v. Town of Davie*, 847 F.2d

771, 773 (11th Cir. 1998) ("Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.") (citations omitted); *Woldeab v. Dekalb Cnty. Bd. of Educ.*, 885 F.3d 1289, 1291 (11th Cir. 2018) (finding that "[a] district court's discretion to deny leave to amend a complaint is 'severely restricted' by Fed. R. Civ. P. 15, which stresses that courts should freely give leave to amend 'when justice so requires'") (quoting *Thomas*, 847 F.2d at 773). Generally, there is a strong preference in the Eleventh Circuit for allowing amendments to pleadings. *See Plate v. Pinellas Cnty.*, No. 8:18-CV-2534-T-36CPT, 2020 WL 428948, at *3 (M.D. Fla. Jan. 28, 2020) (citing *Burger King Corp.*, 169 F.3d at 1319).

Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by an attorney and will be liberally construed. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). While the Court holds complaints in *pro se* actions to less stringent pleading standards, a *pro se* plaintiff remains subject to the same law and rules of the Court—including the Federal Rules of Civil Procedure and Local Rules for the Middle District of Florida—as a litigant represented by counsel. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

III.    **DISCUSSION**

In this case, Plaintiff did not amend his complaint within 21 days of service of the pleading or within 21 days after service of Defendants' Motion to Dismiss, and thus, he may amend with Defendants' written consent or leave from the Court. Since Plaintiff did not receive written consent from Defendants to amend his complaint, he now seeks leave of the Court to do so. (Doc. 30).

By filing the Motion to Amend, Plaintiff seeks leave from the Court to file his first amended complaint, which he states purportedly cures the alleged deficiencies described by Defendants in its Motion to Dismiss. Plaintiff's proposed amended complaint attached to the Motion to Amend spans roughly 77 pages and asserts 22 counts, alleging constitutional claims against the Government and unnamed FBI agents seeking injunctive relief for alleged violations of the Supremacy Clause and his constitutional rights under the First, Fourth, Fifth, Tenth, and Fourteenth Amendments. (Doc. 30-1 at ¶¶ 102-365). Though he never cites it, and in light of Plaintiff's *pro se* status, the Court construes Plaintiff's constitutional claims against Defendants as claims brought under *Bivens*.[3] While Defendants filed a Motion to Dismiss (Doc. 19) addressing several pleading deficiencies in Plaintiff's initial complaint (Doc. 1), no arguments were raised in opposition to Plaintiff's Motion to Amend, asserting that the proposed amended complaint is prejudicial, brought in bad faith or with undue delay, or futile.

Considering Plaintiff's *pro se* status, that this is his first request to amend the complaint (which was timely filed in advance of the March 31, 2025 deadline to amend pleadings under

---

[3]  *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

the CMSO), and the liberal amendment standard set forth under Rule 15(a)(2), the Court does not find a substantial reason to justify the denial of Plaintiff's request to file an amended complaint at this juncture in the case. As such, the Court will allow Plaintiff to amend his complaint. *See Lacy v. BP P.L.C.*, 723 F. App'x 713, 717 (11th Cir. 2018) (determining that "it is usually an abuse of discretion for a district court to dismiss a *pro se* complaint without granting leave to amend"); *Carter v. HSBC Mortg. Servs., Inc.*, 622 F. App'x 783, 786, 788 (11th Cir. 2015) (stating that a *pro se* plaintiff must be given at least one chance to amend the complaint before dismissal where a more carefully drafted complaint might state a claim, as courts "err on the side of generosity to the plaintiff" where the issue of futility is close).

However, the Court cannot allow Plaintiff to file the proposed amended complaint (Doc. 30-1) in its current form because it is a shotgun pleading that fails to comply with the Federal Rules of Civil Procedure. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (defining a "shotgun pleading" as a pleading that violates either Rule 8(a)(2) or Rule 10(b), or both); *see also PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V.*, 598 F.3d 802, 806 n.4 (11th Cir. 2010) (indicating that a typical shotgun pleading requires the district court to sift through allegations to separate the meritorious claims from the unmeritorious, resulting in a "massive waste of judicial and private resources").[4]

---

[4] Shotgun pleadings are generally identified in one of four ways: (1) a complaint "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) a complaint "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to separate "each cause of action or claim for relief" into a different count; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *See id*. at 1322-23. Each of these types of shotgun pleadings fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *See id.* at 1323.

Rule 8 provides that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[,]" and that "[e]ach allegation must be simple, concise, and direct." *See* Fed. R. Civ. P. 8(a)(2), (d)(1); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that the pleading standard under Rule 8(a) does not require detailed factual allegations, but demands "more than an unadorned, the-defendant-unlawfully-harmed me accusation"). Further, Rule 10 provides that each claim be presented in a separate numbered paragraph, "each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." *See* Fed. R. Civ. P. 10(b); *see also Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (stating that multiple claims should be presented "with such clarity and precision that the defendant will be able to discern what the plaintiff is claiming and to frame a responsive pleading").

The purpose of Rules 8(a)(2) and 10(b) is to allow the Court to determine "which facts support which claims." *See Weiland*, 792 F.3d at 1320; *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 (11th Cir. 2002) (indicating that when ruling on the sufficiency of a claim, a court is faced with the onerous task of sifting out irrelevancies to decide which facts are relevant to a particular cause of action asserted). Put another way, Rules 8 and 10 work together "to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted," and then "at trial, the court can determine that evidence which is relevant and that which is not." *See Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted).

In this instance, the 77-page proposed amended complaint, which asserts 22 counts against all Defendants, is unnecessarily lengthy, overly detailed, and includes numerous irrelevant and/or redundant allegations. For example, the proposed amendment opines about the FBI's use of Neuralink software, procurement of COVID-19, and impersonation of professors at the University of Florida. (Doc. 30-1 at ¶¶ 6-8, 10-11, 17, 21-29, 35). Further, the proposed amended complaint is unnecessarily lengthy, containing overly detailed pages of citations to case law, statutes, and provisions of the United States Constitution, and rife with dubious legal conclusions. Although some counts repeat various examples of Defendants' conduct from the introductory allegations, many of the allegations in each count are largely conclusory and amount to little more than the bare elements of each cause of action. *See Iqbal*, 556 U.S. at 678 (stating that "labels and conclusions" or "a formulaic recitation of the elements of a cause of action [that amount to naked assertions] will not do") (citation omitted). Additionally, while Plaintiff incorporated factual allegations into most of the 22 counts in the proposed amended complaint, he failed to incorporate any facts into counts 8 and 21, making it difficult for the Court to determine which facts are intended to support these claims. *See Weiland*, 792 F.3d at 1325. As the proposed amendment does not comport with the pleading requirements under Rule 8, it does not contain a short and plain statement of the claim showing that the Plaintiff is entitled to relief, nor does it allow the Court to draw the reasonable inference that the Defendants are liable for the misconduct alleged. *See* Fed. R. Civ. P. 8(a)(2); *Iqbal*, 556 U.S. at 678.

Furthermore, the proposed amended complaint contains 22 counts against all Defendants without specifying which defendants are responsible for which acts and which defendants each of the claims are brought against. *See Weiland*, 792 F.3d at 1323. For instance,

within each count, Plaintiff states that he is bringing his claims against "[a]ll Defendants" but does not indicate how each defendant is legally responsible for each of the alleged wrongs. *See id.* (stating that the plaintiff must "specify[ ] which of the defendants are responsible for which acts or omissions"); *Franklin v. Curry*, 738 F.3d 1246, 1250 (11th Cir. 2013) ("It is important that defendants be apprised of the conduct that forms the basis of the [alleged liability] against them."). Plaintiff's kitchen-sink manner of pleading, in which he airs a collection of grievances against all Defendants in all 22 counts, impermissibly leaves the Court unable to discern what each defendant is alleged to have done, and which claims are asserted against which defendant for which conduct. Because the proposed amended complaint does not specify in any meaningful manner the acts or omissions of *each* defendant into the counts brought against all Defendants collectively, it fails to provide Defendants with adequate notice of the claims raised against them and the grounds upon which they are based. *See Weiland*, 792 F.3d at 1323 (emphasis added).

In short, the proposed amended complaint falls far short of the requisite pleading requirements.[5] Significant revisions are required for the amended complaint to comply with the Federal Rules of Civil Procedure. Specifically, Plaintiff should streamline his pleading, clarify the basis for his claims, and eliminate any unnecessary and irrelevant information. Lengthy citations to case law, statutes, and constitutional provisions should be kept at a minimum. The amended complaint should clearly state the legal theory or theories upon

---

[5] Although the Court has addressed and provided some examples of the most prominent defects, this is not intended to be an exhaustive list. The proposed amendment may very well suffer from additional defects. Although proceeding *pro se*, it is Plaintiff's responsibility to ensure that any amended complaint complies with all applicable pleading requirements and procedural rules. *See Washington v. Dep't of Child. & Fams.*, 256 F. App'x 326, 327 (11th Cir. 2007).

which Plaintiff seeks relief and explain with factual allegations how each defendant is responsible.[6] *See* Fed. R. Civ. P. 8(a)(2), 10(b).[7]

Because the Court was able to address Plaintiff's Motion to Amend on the papers, Plaintiff's Motion for Hearing is denied as moot. Further, in light of the Court allowing Plaintiff leave to amend to file his first amended complaint, Defendants' Motion to Dismiss will be rendered moot upon the filing of Plaintiff's amended complaint. *See Pintando v. Miami-Dad Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (noting that "an amended pleading supersedes the [original] pleading" because "the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary") (citations omitted).

---

[6] In preparing the amended complaint and any future filings, the Court recommends that Plaintiff visit the Court's website (www.flmd.uscourts.gov). Under the tab entitled, "For Litigants," there is a section entitled, "Litigants without Lawyers." In this section, there are many resources available to *pro se* parties, including a Handbook called "Guide for Proceeding Without A Lawyer." If Plaintiff does not have access to the internet, one free copy of the Handbook may be obtained by visiting or mailing the Clerk's Office and presenting this Order to the deputy clerk.

[7] To the extent that Plaintiff's first amended complaint fails to comply with Federal Rules of Civil Procedure 8 and/or 10, those deficiencies ultimately may subject it to dismissal. *Cf. Weiland*, 792 F.3d at 1323; *see also Vieczorek v. Khorrami*, No. 3:17-CV-1118-J-32JBT, 2018 WL 11651660, at *1 (M.D. Fla. Mar. 27, 2018) (determining that "substantive arguments regarding the legal sufficiency of the claims raised in the proposed [amendment] must be determined upon appropriate motion"); *Westchester Surplus Lines Ins. Co. v. ATA Fishville FL, LLC*, No. 2:19-CV-297-FTM-38NPM, 2020 WL336246, at *1 (M.D. Fla. Jan. 21, 2020) (finding arguments opposing amendment were better suited for dispositive motions to permit both sides to fully develop and respond to arguments).

## IV.    CONCLUSION

Accordingly, it is **ORDERED** as follows:

(1) Plaintiff's Motion for Leave to Amend Complaint (Doc. 30) is **GRANTED in part and DENIED in part**. On or before **March 11, 2025**, Plaintiff shall file an amended complaint in accordance with the Federal Rules of Civil Procedure and consistent with this Order.

(2) Plaintiff's Request for Evidentiary Hearing on the Motion for Leave to Amend Complaint (Doc. 31) is **DENIED as moot**.

(3) Defendants' Motion to Dismiss (Doc. 19) is **DENIED as moot**.

**DONE** and **ORDERED** in Ocala, Florida on February 25, 2025.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties